Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>CÉSAR BERRÍOS CORNELIUS<br><br>Peticionario | KLCE202400337 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>K VP2023-1904<br><br>Por:<br>Art. 192 CP (2012) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2024.

El 21 de marzo de 2024, compareció ante este Tribunal de Apelaciones, el señor César Berríos Cornelius (en adelante, señor Berríos Cornelius o parte peticionaria), mediante recurso de *Certiorari*. Por medio de este, nos solicita la revisión de una *Orden* emitida el 16 de febrero de 2024 y notificada el 21 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud de tal determinación, el foro *a quo* declaró No Ha Lugar la solicitud de devolución de la licencia de armas y de las armas ocupadas en el caso de la aquí parte peticionaria.

Por los fundamentos que se exponen a continuación, se expide el recurso de *Certiorari* y se revoca el dictamen recurrido. Se devuelve el caso al foro recurrido para que se ordene al Negociado de la Policía de Puerto Rico (en adelante, NPPR) la devolución de las armas y de la licencia de armas de la parte peticionaria.

**I**

Los hechos que propiciaron el recurso ante nuestra consideración se remontan a una denuncia presentada por el

Ministerio Público, en contra del señor Berríos Cornelius por violación al Art. 192 del Código Penal de 2012, 33 LPRA sec. 5262. Dicha denuncia exponía lo siguiente:

> EL REFERIDO IMPUTADO C[É]SAR BERR[Í]OS CORNELIUS ACTUANDO EN CONCIERTO Y COM[Ú]N ACUERDO con STALIN ANTONIO SEP[Ú]LVEDA MORALES y con SANTO AUGUSTO PORTALAT[Í]N allí y entonces en fecha y hora arriba mencionados en el [Á]REA del ESTACIONAMIENTO conocida como "El Último TROLLY" en Ocean Park que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala de San Juan, ilegal, voluntaria, a propósito, con conocimiento y a sabiendas, COMPRÓ, POSE[Í]A, RETEN[Í]A, TRANSPORTABA Y DISPON[Í]A DE PROPIEDAD HURTADA (BICICLETA MARCA "NORCO FLUID FS3 del año 2019 y # SERIE 9DK0130040 valorada en $2,170.00) a sabiendas y con el conocimiento de que había sido obtenida de forma ilícita, privando a su legítimo dueño el SR. WILLIAM L[Ó]PEZ CARATINI del libre uso y disfrute de su propiedad consistente en que la obtuvieron a un precio irrisorio ($300) y luego la ofrecieron a la venta al público a través de medios informáticos (P[á]gina de Facebook Marketplace) por la cantidad de $2,800.00 , siendo todo esto descubierto posteriormente por su legítimo dueño y notificado a la Policía quien los arrestó poseyendo y disponiendo de dicha propiedad. La referida propiedad fue recuperada.[1]

El 11 de octubre de 2023, se celebró la *Vista Preliminar*. Según se desprende de la *Resolución* de la vista preliminar con igual fecha, el Tribunal de Primera Instancia determinó No Causa respecto al delito imputado. No surge del expediente que, el Ministerio Público recurriese en alzada.

Posteriormente, el 18 de diciembre de 2023, la parte peticionaria presentó la *Moción en Solicitud de Orden*. Por medio de esta, explicó que, debido a los hechos del caso de epígrafe, el NPPR le ocupó su Licencia de Armas número 158044 y dos (2) armas registradas a su nombre, con sus municiones y cargadores. A estos efectos, solicitó la devolución de lo anterior, al amparo de los artículos 2.08 y 2.13 de la Ley de Armas de 2020, Ley Núm. 168-2019, *infra*.

---

[1] Entrada núm. 1 de SUMAC.

En igual fecha, el señor Berríos Cornelius presentó la *Moción en Solicitud de [Ó]rdenes*, donde solicitó que se le ordenara al NPPR que las fotos y huellas tomadas como parte de la denuncia en su contra, le fuesen devueltas y eliminadas de todos sus archivos, incluyendo memorias en computadoras, conforme a la Ley Núm. 143-2014, al igual que en los sistemas RCI y SIJC. De igual forma, solicitó que, se le ordenara a la Directoría de Informática de la Oficina de Administración de Tribunales que, suprimiese la publicidad de la información en el portal electrónico del Poder Judicial de Puerto Rico, al amparo del Memorando Núm. 49, año fiscal 2014-2015, emitido el 1ro de octubre de 2014.

Así las cosas, mediante *Orden* emitida el 4 de enero de 2024, el foro de primera instancia le ordenó al Ministerio Público que expresara su posición en torno a lo solicitado por la parte peticionaria en el término de diez (10) días.

El 15 de febrero de 2024, la parte peticionaria presentó la *Moción en Solicitud de [Ó]rdenes*, mediante la cual reiteró lo solicitado previamente.

En la misma fecha, el Ministerio Público presentó la *Moción para Exponer la Posición del Ministerio Público sobre la «Moción por (sic) en Solicitud de [Ó]rdenes»*. Por medio de la anterior, expresó que, no se oponía a la solicitud de la parte peticionaria y se allanaba a que se le devolvieran las huellas y fotos tomadas durante los fichajes del caso de epígrafe. Sin embargo, respecto a la entrega de la licencia de armas y de las armas a la parte peticionaria, el Ministerio Público sostuvo que, era necesario que, antes de que el foro *a quo* emitiera una orden al respecto, el NPPR informara si existía una investigación administrativa en contra de esta.

El 16 de febrero de 2024, el foro primario emitió una *Orden* donde declaró Ha Lugar la solicitud de eliminación de huellas y fichaje en los archivos de la Policía de Puerto Rico. Además, ordenó

la entrega de las fotos y huellas dactilares al señor Berríos Cornelius, así como cualquier otro documento que obrara en los expedientes de la Policía de Puerto Rico.

El mismo día, el Tribunal de Primera Instancia emitió la *Orden* cuya revisión nos atiene, donde resolvió lo siguiente:

> Atendida la MOCIÓN EN SOLICITUD DE ORDEN presentada por la persona imputada a través del Lcdo. Javier H. Jiménez Vázquez el 18 de diciembre de 2023 y transcurrido el término otorgado al Ministerio Público para expresarse, este Tribunal resuelve lo siguiente:
>
> Se declara **No Ha Lugar** la solicitud de la devolución de la licencia de armas y de las armas ocupadas en el caso del señor César Berríos Cornelius. Debe seguirse procedimiento administrativo con la Policía de Puerto Rico.

Inconforme con dicho dictamen, el 21 de marzo de 2024, la parte peticionaria acudió ante este foro revisor, mediante auto de *Certiorari* e hizo los siguientes señalamientos de error:

> Erró el Honorable TPI, al declarar No Ha Lugar la solicitud de devolución de licencia de armas y de las armas ocupadas, en contravención al Art. 2.08 y 2.13 de la Ley de Armas de 2020.
>
> Erró el Honorable TPI, al declarar No Ha Lugar la solicitud de devolución de licencia de armas y de las armas, disponiendo que debe seguirse un procedimiento administrativo con el NPPR.

El 10 de abril de 2024, la parte recurrida presentó el *Escrito en Cumplimiento de Orden.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. *El Certiorari***

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo*

*v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no

---

[2] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005).  Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B. *Ley de Armas de Puerto Rico de 2020, según enmendada***

La Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, también conocida como la *Ley de Armas de Puerto Rico de 2020*, 25 LPRA secs. 461-467, fue creada con el propósito de promover un estatuto que salvaguardara y protegiera los derechos de los ciudadanos americanos residentes en Puerto Rico, y que, a su vez, fuera consistente con la Segunda Enmienda de la Constitución de Estados Unidos y con las decisiones del Tribunal Supremo

federal[3].    De igual manera, uno de sus propósitos es dejar meridianamente claro que, en Puerto Rico el portar y poseer armas de fuego es un derecho fundamental, e individual al igual que en el resto de la Nación americana[4].

Pertinente a la controversia que nos atiene, a la fecha de emitido el dictamen recurrido, el Artículo 2.08 de la precitada ley, disponía lo siguiente:

> Luego de una determinación de causa probable para el arresto de cualquier persona que posea una licencia de armas, por la comisión de uno o más delitos graves o sus tentativas, el tribunal, ordenará la suspensión provisional e incautación de la licencia hasta una determinación final y firme en el proceso criminal.  El tribunal ordenará la ocupación inmediata de todas las armas de fuego y/o municiones de la persona con licencia de armas, las cuales se consignarán para su custodia en el Depósito de Armas y Municiones del Negociado de la Policía o en una armería. **De resultar el acusado con una determinación de no culpabilidad, final y firme, el juez vendrá obligado ministerialmente por esta Ley a ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego y municiones.** [.....].
> 25 LPRA sec. 462g. (*Énfasis suplido*)

Cabe mencionar que, tan reciente como el pasado 10 de mayo de 2024, se aprobó la Ley 75-2024, que enmendó la Ley de Armas de Puerto Rico de 2020, *supra,* y entró en vigor inmediatamente después de su aprobación.[5]  Entre otros artículos, la Ley 75-2024, enmendó el anterior Artículo 2.08 -*Acusación por Delito Grave; Ocupación de Armas*- que, en su parte pertinente, ahora lee de la siguiente manera:

> Luego de una determinación de causa probable para el arresto de cualquier persona que posea una licencia de armas por la comisión de uno o más delitos graves o sus tentativas, el tribunal, ordenará la suspensión provisional e incautación de la licencia hasta una determinación final y firme en el proceso criminal. El Tribunal ordenará la ocupación inmediata de todas las armas de fuego y/o municiones de la persona con licencia de armas, las cuales se consignarán en el depósito de armas y municiones del Negociado de la Policía de Puerto Rico. El Negociado de la Policía de

---

[3] *Exposición de Motivos* de la Ley Núm. 168-2019.
[4] *Íd.*
[5] Véase Ley 75-2024, sección 24.

Puerto Rico tendrá setenta y dos (72) horas para consignar para la custodia todas las armas de fuego y/o municiones de la persona con licencia de armas en el Depósito de Armas y Municiones del Negociado de la Policía. **De resultar el acusado con una determinación de no culpabilidad, o no causa, según corresponda, en cualquier etapa del proceso criminal y el ministerio público ha agotado todos los remedios reconocidos en las Reglas de Procedimiento Criminal, salvo que exista una orden de protección en su contra por violencia de género, acecho o maltrato en cualquiera de sus vertientes, el juez vendrá obligado ministerialmente por esta Ley a ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego y municiones.** Toda arma de fuego y munición devuelta deberá entregarse en la misma condición en que se ocuparon. [.....].
(Énfasis nuestro)

Por otro lado, el Artículo 2.13 de la Ley Núm. 168-2019, *supra,*

disponía, específicamente, lo siguiente:

Cualquier agente del orden público ocupará la licencia, arma de fuego y/o municiones, que posea un ciudadano, de forma temporera, cuando tuviese motivos fundados para entender que la persona con licencia de armas hizo o hará uso ilegal de las armas de fuego y municiones para causar daño a otras personas; por haber proferido amenazas de cometer un delito; por haber expresado su intención de suicidarse; cuando haya demostrado reiteradamente negligencia o descuido en el manejo del arma de fuego; cuando se estime que la persona con licencia de armas padece de una condición mental, se le considere ebrio habitual o sea adicto a sustancias controladas; o en cualquier otra situación de grave riesgo o peligro que justifique esta ocupación. [.....].

Un agente del orden público estará facultado a ocupar el arma de fuego, licencia y municiones, de forma temporera, cuando se arreste al tenedor de la misma por la comisión de un delito grave o delito menos grave que implique violencia.

El agente del orden público tendrá que consignar inmediatamente las armas de fuego y/o municiones ocupadas en un depósito de armas del Negociado de la Policía y notificar al Departamento de Justicia. Si el Tribunal no encuentra causa por los delitos por los cuales fue arrestado la persona con licencia de armas, ordenará la devolución inmediata de lo ocupado. Toda arma de fuego y municiones que sean devueltas deberán entregarse en las mismas condiciones en que se ocuparon. Bajo ningún concepto se harán marcas, modificaciones o mutilaciones al arma de fuego ocupada por los agentes del orden público o por el Estado mientras esté bajo su custodia. Esto no impedirá que el Negociado de la Policía de Puerto Rico

pueda iniciar una investigación administrativa. 25 LPRA sec. 462*l*.

El artículo antes reseñado fue enmendado también por la Ley 75-2024, y en lo atinente a la controversia ante nos, ahora dispone lo siguiente:

Cualquier agente del orden público ocupará la licencia, arma de fuego y/o municiones, que posea un ciudadano, de forma temporera, cuando tuviese motivos fundados para entender que la persona con licencia de armas hizo o hará uso ilegal de las armas de fuego y municiones para causar daño a otras personas; por haber proferido amenazas de cometer un delito; por haber expresado su intención de suicidarse; cuando haya demostrado negligencia o descuido en el manejo del arma de fuego; cuando se estime que la persona con licencia de armas padece de una condición mental, se le considere ebrio habitual o sea adicto a sustancias controladas; o en cualquier otra situación de grave riesgo o peligro que justifique esta ocupación. [.....].

Un agente del orden público estará facultado a ocupar el arma de fuego, licencia y municiones, de forma temporera, cuando se arreste al tenedor de la misma por la comisión de un delito grave o delito menos grave que implique intimidación o violencia. El agente del orden público tendrá setenta y dos (72) horas para consignar las armas de fuego y/o municiones ocupadas en un depósito de armas del Negociado de la Policía y notificar al Departamento de Justicia.

[.....]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

Conforme surge del recurso ante nuestra consideración, en su primer señalamiento de error, la parte peticionaria sostiene que, el foro primario incidió al declarar No Ha Lugar la solicitud de devolución de licencia de armas y de las armas ocupadas, en contravención al Art. 2.08 y 2.13 de la Ley de Armas de Puerto Rico de 2020, *supra*.

Por otro lado, la parte peticionaria arguye que, el foro primario incidió al declarar No Ha Lugar la solicitud de devolución de licencia de armas y de las armas, al disponer que debe seguirse un procedimiento administrativo con el NPPR.

Por encontrarse intrínsecamente relacionados, discutiremos los señalamientos de error de forma conjunta. Adelantamos que, le asiste la razón a la parte peticionaria. Veamos.

Según reseñáramos, contra del señor Berríos Cornelius se presentó una denuncia por violación al Art. 192 del Código Penal de 2012. Luego de celebrada la vista preliminar, el Tribunal de Primera Instancia determinó *no causa* por el delito imputado.

Subsiguientemente, la parte peticionaria presentó una *Moción en Solicitud de Orden*, mediante la cual peticionó que se le ordenara al NPPR devolverle su Licencia de Armas número 158044 y dos (2) armas registradas a su nombre, junto a sus municiones y cargadores, al amparo de los artículos 2.08 y 2.13 de la Ley Núm. 168-2019, *supra*. La referida solicitud fue declarada No Ha Lugar por el foro *a quo* mediante *Orden*, en la que dispuso que debía seguirse el procedimiento administrativo con la Policía de Puerto Rico.

Conforme al derecho expuesto, el Art. 2.08 de la Ley Núm. 168-2019, *supra*, disponía que:

> Luego de una determinación de causa probable para el arresto de cualquier persona que posea una licencia de armas, por la comisión de uno o más delitos graves o sus tentativas, el tribunal, ordenará la suspensión provisional e incautación de la licencia hasta una determinación final y firme en el proceso criminal. El tribunal ordenará la ocupación inmediata de todas las armas de fuego y/o municiones de la persona con licencia de armas, las cuales se consignarán para su custodia en el Depósito de Armas y Municiones del Negociado de la Policía o en una armería. De resultar el acusado con una **determinación de no culpabilidad, final y firme, el juez vendrá obligado ministerialmente por esta Ley a ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego y municiones**. [.....].

El precitado artículo establecía que, le correspondía al Tribunal de Primera Instancia ordenar la devolución de la licencia de armas y de todas las armas de fuego y municiones ante una determinación de *no culpabilidad*.

En el caso que nos ocupa, hubo una determinación de *no causa* en la vista preliminar que le dio fin al proceso criminal. Si bien no medió una determinación de no culpabilidad, tal y como disponía la Ley de Armas de Puerto Rico de 2020, toda vez que, el Ministerio Público no manifestó su intención de proseguir con el caso en una vista preliminar en alzada, y habiendo transcurrido el término para así hacerlo, el dictamen emitido dio fin al proceso criminal. Ante ello, procedía que el Juzgador de Instancia ordenara la inmediata devolución de la licencia de armas, así como de todas las armas de fuego al señor Berríos Cornelius, sin la necesidad de un procedimiento administrativo ulterior ante el NPPR.

Como mencionamos previamente, el artículo 2.08 de la Ley de Armas Puerto Rico de 2020, *supra,* fue enmendado por la Ley 75-2024, que ahora dispone, en su parte pertinente, lo siguiente:

> Luego de una determinación de causa probable para el arresto de cualquier persona que posea una licencia de armas por la comisión de uno o más delitos graves o sus tentativas, el tribunal, ordenará la suspensión provisional e incautación de la licencia hasta una determinación final y firme en el proceso criminal. El Tribunal ordenará la ocupación inmediata de todas las armas de fuego y/o municiones de la persona con licencia de armas, las cuales se consignarán en el depósito de armas y municiones del Negociado de la Policía de Puerto Rico. El Negociado de la Policía de Puerto Rico tendrá setenta y dos (72) horas para consignar para la custodia todas las armas de fuego y/o municiones de la persona con licencia de armas en el Depósito de Armas y Municiones del Negociado de la Policía. **De resultar el acusado con una determinación de no culpabilidad, o no causa, según corresponda, en cualquier etapa del proceso criminal y el ministerio público ha agotado todos los remedios reconocidos en las Reglas de Procedimiento Criminal, salvo que exista una orden de protección en su contra por violencia de género, acecho o maltrato en cualquiera de sus vertientes, el juez vendrá obligado ministerialmente por esta Ley a ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego y municiones.** Toda arma de fuego y munición devuelta deberá entregarse en la misma condición en que se ocuparon. [.....].
> (Énfasis nuestro)

Si bien el estado de derecho al momento en que el foro primario atendió la solicitud de la parte peticionaria, era lo dispuesto por la Ley 168-2019, *supra*, no podemos pasar por alto que, con la puesta en vigor inmediata de las enmiendas a los Artículos 2.08 y 2.13 mediante la Ley 75-2024, el Legislador dejó meridianamente clara su intención, a los efectos de que: de resultar el acusado **con una determinación de no culpabilidad, o no causa, según corresponda, en cualquier etapa del proceso criminal y el ministerio público ha agotado todos los remedios reconocidos en las Reglas de Procedimiento Criminal, salvo que exista una orden de protección en su contra por violencia de género, acecho o maltrato en cualquiera de sus vertientes, el juez vendrá obligado ministerialmente por esta Ley a ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego y municiones.**

Consecuentemente, la Ley 75-2024, aclaró que, en ausencia de alguna de las circunstancias por esta dispuesta, *ante una determinación de no causa en cualquier etapa del proceso criminal, habiendo el ministerio público agotado todos los remedios reconocidos en las Reglas de Procedimiento Criminal,* **el juez vendrá obligado ministerialmente** por esta Ley a **ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego y municiones.** Nótese que, en ese sentido, salvo ciertas excepciones expresamente dispuestas, el Legislador no le otorgó discreción al juzgador de instancia para encauzar la devolución de las armas a través del trámite administrativo del NPPR.

Por el contrario, estableció diáfanamente que, el foro con competencia para ordenar la devolución de un arma y licencia de arma ocupada es el Tribunal de Primera Instancia. Como sabemos, a los jueces nos está vedado inmiscuirnos en la gestión legislativa.

Nuestro deber ministerial es resolver conforme al estado de derecho vigente.

En vista de lo anterior, colegimos que, incidió la primera instancia judicial al denegar la petición del señor Berríos Cornelius y al determinar que debía seguirse un procedimiento administrativo con el NPPR.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* y se revoca el dictamen recurrido. Se devuelve el caso al foro recurrido para que se ordene al NPPR la devolución de las armas y de la licencia de armas de la parte peticionaria.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones